UNITED STATES BANKRUPTCY COURT          Eastern DISTRICT of PENNSYLVANIA

In re  VALERIE L. GERNHARDT                              Debtor(s) Case No.  14-13484-SR

**AMENDED CHAPTER 13 PLAN**

*(If this form is used by joint debtors wherever the word "debtor" or words referring to debtor are used they shall be read as if in the plural.)*

1. TOTAL BASE PLAN: $57,901.12 –TIERED FUNDING:  Debtor has paid $11,281.34 to date.  The future earnings of the debtor are submitted to the supervision and control of the trustee and the debtor shall pay to the trustee the sum of **$1,371.17 monthly** for the remaining **34** months beginning with their payment due July 30, 2016.

2. From the payments so received, the trustee shall make disbursements as follows:

    (a)  Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. § 507.

    1. Trustee Fees- Percentage fees payable to the trustee will be paid at the rate fixed by the United States Trustee, not to exceed 10%.
    2. Attorney Fees- In addition to the retainer of $1,200.00 already paid by the debtor, the amount of **$2,000.00** in the plan.

    (b)  Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:

    1. **$15,794.51** to Bank of America (now Wilmington Savings Fund Society) for arrears on mortgage on home per POC No. 4-1.  Debtor to resume monthly mortgage payments outside of Plan.
    2. **$11,058.64** to Flagship Credit Acceptance for balance on auto loan ($9,707.72) plu 5.25% interest ($1,350.92).  Total loan balance including interest to be paid through Chapter 13 Plan.
    3. **$22,712.05** to Wilmington Savings Fund Society for post-petition mortgage arrears per stipulation signed on June 7, 2016 between debtor and Wilmington Savings Fund Society.

    (c)  Subsequent to – pro rata dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed as follows:

    Remaining disposable income to be distributed pro rata to unsecured creditors who file timely Proofs of Claim up to the value of debtor's non-exempt equity.

3. The following executory contracts of the debtor are rejected:

    Title to the debtor's property shall revest in the debtor on confirmation of a plan -- upon dismissal of the case after confirmation pursuant to U.S.C. § 350.

Date: 7/12/16                           /s/Paul H. Young
                                        Paul H. Young, Esquire